The third case of the morning, call 209-620, people of the state of Illinois, v. Carlos Lopez. On behalf of the appellant, Mr. Thomas A. Lillian. On behalf of the state, Ms. Linda Susan Floyd. Both sides ready to proceed? Let's hear it. You may proceed when you're ready. Good morning, your honors. May it please the court. Carlos Lopez appeals his conviction for criminal sexual assault after a jury trial in Kane County. The sole issue in this case is whether the conviction should be reversed because the state failed to prove beyond a reasonable doubt an exception or exclusion to the general three-year statute of limitations for a felony. The issue here is one we have brought as one of sufficiency of the evidence at trial. We would submit the review as de novo. There are no findings by the trier of fact to defer to in this case because this issue simply did not come up at the trial in Kane County. This was not a, this was not brought as a challenge to the indictment. We would suggest the exception to the statute of limitations was not all detailed in the charge, but there was no pretrial challenge to that indictment. And we have not brought it as a challenge to the indictment on appeal, nor have we brought this as an instructions issue, though certainly the instructions were deficient and not in compliance with what the IPI requires. Our position is that the proof at trial did not establish beyond a reasonable doubt the exclusion from the three-year statute of limitations, the standard three-year for a felony. That if there is a provision that allows a prosecution of certain sex offenses at any time, the one the state chose to rely on, they simply did not prove. The date of the offense here was December 21st, 2002. No charge was brought until September 13th, 2006, well over three years after the date of the offense. The re-indictment that first brought up or where the state attempted to charge the exception to the statute of limitations did not, was not brought until over five years after the date of the offense. That was brought in February 2008. The alleged exception is set out in section 3582 of the criminal code. Basically has four components. First, that the offense involves sexual penetration or conduct. Second, that the alleged victim reported the offense within two years. Third, that a DNA profile was both obtained from the offender and placed into a database, a DNA database within ten years of the occurrence of the offense. And fourth, the identity of the offender is unknown after a diligent investigation by law enforcement authorities. We are not disputing the first two components here. Certainly the alleged offense involved an instance of sexual penetration. The victim did report it well within two years of when it occurred. But as to the third component involving the DNA database, there was evidence at trial that the DNA from the offender was obtained. Separated and obtained by Cellmark, the laboratory, in July of 2003. However, there is absolutely no evidence in the trial record that the DNA of the offender was placed into a DNA database. And the fourth component we would maintain was also not proved. Evidence was lacking. That identity was unknown after a diligent investigation by the police. We rely on the precedence of the Illinois Supreme Court for the proposition that the factor, the exclusion to these statute of limitations had to be both alleged and proved. In this case, proved at trial. We would submit that the drafters of the IPI instructions have correctly read the decisions of the Illinois Supreme Court, correctly drafted the instructions that are now required under the IPI. Those instructions have been part of the IPI since the third edition of the IPI and have carried over to the fourth. That third edition was issued shortly after, or in the wake of, the Supreme Court's decision of People v. Morris, where the Supreme Court came out and said, as they had said in their previous straight case, that the principles of law we are talking about here are well-established, or long-established, I should say, to use their words. Where a felony indictment is not brought within three years of the alleged date of the offense, the state must both allege and prove the exception or exclusion from the three-year statute of limitations that allows it to belatedly bring the prosecution. And the word element specifically appears in the Supreme Court's Morris decision. It says the exception becomes an element to the charge to be proved at trial, to be proved. And we will submit an element to be proved means it has to be proved at trial to the trier effect beyond a reasonable doubt. How do you, when you look at this issue, does the amendment to the venue statute also still make venue an element? In other words, if you don't raise venue in a motion to dismiss, it's waived. How is this different from that? Because the Supreme Court says that because the statute of limitations provides a protection to defendants that they should not have to stand trial for stale offenses or for something that's happened a long time before. This is a substantive element under the Morris case. Venue has been separated out by the legislature. The legislature did not separate out the statute of limitations or the timing at the point when venue was... Was there a motion to dismiss in Morris? Yes, there was. Morris was not brought as a challenge to the sufficiency of the evidence. But not Gray. People versus Gray. Fourth District case. The Fourth District is simply wrong, Your Honor. They have read the decisions of the Illinois Supreme Court wrong on this. I think the reasoning of the Fourth District there is inconsistent with Morris straight in the whole line of Supreme Court cases. I want to point something out in that line of Supreme Court cases. We've relied... One of the older cases we relied on is a case called People versus Carmen. A case where the court specifically addressed in the middle of trial the issue of whether... It was basically on a motion for a directive verdict. And on review, the Supreme Court addressed whether had they proved the timing issue at the trial. In that case, they did find it to be proved. But the point is the Supreme Court analyzed the proof of the element at trial. There are other cases doing that. And I noticed in going back over the cases, there's one called... A case called People versus Stajduhar from the Illinois Supreme Court cited in Carmen where they even reversed the conviction. Because the same factor that was issued in Carmen was not proved at trial. Strictly a trial-proof case. And the Supreme Court reversed there. This is an element that has to be proved at trial. That's where Gray is wrong. Gray does not recognize that under the Supreme Court precedence, this has to be proved at trial. Well, Morris doesn't say it has to be proved at trial. He just says it's an element of the offense. But there's no such thing as an element you don't prove at trial, Your Honor. After Apprendi, particularly Apprendi, even things that we used to think were sentencing factors have now become elements that have to be proved at trial. But things can be waived. Not a sufficiency of the evidence challenge, Your Honor, no. A challenge to the sufficiency of the evidence cannot be waived. An indictment issue can be waived. An instruction issue can be waived. But a challenge to the sufficiency of the evidence is not waived even if it's not preserved in the trial court. What I'm saying by waiver, I mean if there's an element such as a date of birth and you stipulate to the date of birth... The key word there was stipulate, though, Your Honor. There's no stipulation in this case. Let me ask this. Again, go back to the venue issue. A defendant who files a motion to dismiss for lack of venue, hypothetically, he loses that motion. He can still get a venue instruction at trial and require the state to prove the venue beyond a reasonable doubt. No, Your Honor, not anymore. Not since they changed that statute. It is not an element for trial anymore, and there is Supreme Court precedent saying that. That one has been removed from the realm of jury consideration. Even if the defendant files a motion to dismiss, loses the motion to dismiss? Correct. Correct. Then there would be an appeal issue, but it's not an element to be proved at trial. I would say jurisdiction, whether the crime occurred within the state of Illinois, that one could still be... That one still does have to be proved at trial, but not venue any longer, Your Honor. There is a distinction now between jurisdiction and venue. The law used to be that either of those had to be proved, but as to venue, that's been changed. That's just a pretrial issue determining where you tried the case. You're saying that if a defendant raises the issue of venue in a motion to dismiss, does not prevail in a motion to dismiss to the trial court, is not required to give a venue instruction? Your Honor, I really think the statute now contemplates a motion to change venue to the proper venue. It's really not a motion to dismiss, I don't even think anymore. It's to say, you're bringing this in the wrong... Dismiss the charge here because we're in the wrong venue. This should be tried in this other county. The court has an alternative to either dismiss the case or transfer the case to a court of appropriate venue. The trial court has two options. It can either dismiss the case or transfer it to another county for trial. But if the court keeps the case in that county and says that the defendant has not prevailed, you're saying that the defendant is not entitled to an instruction on venue at trial? Correct. Correct. That's my understanding of the laws to venue, Your Honor. If your analysis is correct, what's the purpose of the statute that sets forth bases for motions to dismiss? There's two potential parts of 114.1a that could come into play here. That's paragraph 2 and paragraph 8. Paragraph 2 is the one that refers to the motion to bar a prosecution under sections 3.3 through 3.8 of the criminal code. So that's one form. The other form is in section 8, which is basically the charge doesn't state an offense. The point where I think a defendant would use the A2 motion, Your Honor, is where regardless of whether the state has alleged exceptions to the statute of limitations, the defense position is under no set effect. They just can't prove it. There is absolutely no way that this can be brought beyond the three years. In the case law, even the Cray case that the state has cited, when a motion to dismiss is brought under A2, the ruling on that motion, the state cannot re-indict if the dismissal occurs under A2. That has to go up to the appellate court. That's the only way that can be reviewed. That one terminates the charge on the basis that there's no way the state can prevail. Under A8, if all the elements, let's say, or all the specific factors in the statute of limitations exception or exclusion are perhaps not correctly alleged, then you bring the motion under that. And then if the charge were dismissed for failure to state all the components of the exception, then the state could re-indict. The charge could be dismissed, but then there could be a re-indictment. So what the motion to dismiss statute allows a defendant to do is essentially, when he doesn't think they can prove statute of limitations at all, bring it before trial, not have to go through the ordeal of the trial to bring this up. So you're basically saying defense can just sit and lay in the woods and go, you know, I'm going to win here because they haven't alleged an exception. Just be quiet, no waiver, no nothing applies, and defendant prevails because he can't lose. Can't lose at trial. Well, that's not this situation because the state did allege it. The allegations were made in the re-indictment in this case. So this isn't laying in the weeds on a motion to dismiss. This is, it should have gone to the jury at trial. Yes, no, the defense did not bring up, hey, you're not instructing the jury on the statute of limitations exception. But it's not the defendant's burden to prove himself guilty. The state has the burden in the prosecution to prove guilty on a reasonable doubt. When the charge is brought more than three years after the date of the offense, the state has to prove it. The state didn't do it here. The state didn't submit it to the jury, but you can submit it to the jury, but the bottom line is on the evidence at this trial, they didn't prove it. And the one, I think the factor that's most clear they didn't prove is that the DNA profile of the offender was put into a DNA database. There was absolutely no testimony about that at trial. The state did a motion to eliminate to keep out evidence that the defendant's DNA had been put in a DNA database. That happened after his conviction, upon his conviction for burglary in 2005. But there was no evidence presented that the profile obtained by Cellmark in 2003 was ever put into any DNA database. And that's what the statute, that's what the legislature has required, is that the offender's profile be put in a database. No testimony about that. All the evidence from what happened at Cellmark shows is that after they obtained the profile, they sent it to the Illinois State Police. Nothing about what was done with it after that. It could have just been placed in the case file for this case and then later compared and matched up with the defendant. There is nothing about that DNA profile going into a DNA database at any point. That was an element of the crime. No evidence on that. Therefore, the conviction cannot stand. We would also maintain that the element of diligence in the police investigation was not proved. And that's clearly a sort of issue that's a factual issue. It's not something like, is somebody a family member or is the charge brought within two years of the offense? Some of these factors, we said we're not contesting factors one and two here. There's no question that the testimony that was presented at trial proved those factors. But there are other factors for this particular exception to the statute of limitation that are factual questions. Was the police investigation diligent? We would submit that was something that a finding had to be made on by the trial, beyond a reasonable doubt. We will also submit as a matter of law, the evidence here was not sufficient to establish that element. Are there any other questions, Your Honors? If not, you would ask this court, based on what the Supreme Court requires in this situation, to reverse the defendant's conviction. Let me ask one more question. General rule is if there's a problem, there's no problem with the charging document. That's undisputed, right? Charging document is not. I don't think the charging document can be challenged on appeal, Your Honor. There is a required, you know, there's a different standard for reviewing a charging document. So I don't think. I just want to make sure that there's. Right, I don't think that a post-trial or a non-pre-trial challenge to that indictment would be successful. Because there is a reference to the specific statutory provision and a couple of the components. I don't think it fully lays out the exception so that if a pre-trial charge had been brought, perhaps it would have had some validity to it. But that's not our situation, no. We are not in a situation of being able to challenge that on appeal, I don't think. All right. If I could follow up. One other question. You mentioned the motion in limine that was filed by the state. Correct, Your Honor. And that was agreed to? To not introduce evidence for the defendant's burglary, which caused his DNA to be. No, no, it was agreed. The burglary conviction was coming in to impeach his credibility. That the state motion in limine on that, to impeach with that, was granted. And it was that burglary conviction that caused his DNA. Right. But what that motion goes to is not allowing an evidence that the defendant's DNA is in the database. That's not the component that the exception requires here. What the exception requires is that the profile they obtained from the alleged offender, the unknown at that point offender, was put into a DNA database. And that's what there's no evidence on. That's not what the motion in limine went to. That's what no evidence is offered on. So even with what was stipulated. Isn't that a common sense inference that anybody could make from the facts of the case? I don't believe so, Your Honor. No, because the person from Selmar just says they sent it to the Illinois State Police. As I said earlier, that just could mean it gets placed in a case file. That does not mean that that DNA profile from the offender is placed in any database. Was it a cold case hit? Was it a cold case hit? Nobody testifies to that. The question is, was it a cold case hit by inference from the facts of the case? The police officer who testifies about the investigation does say this case went to cold case status. And there is an indication that in 2006 a potential match is indicated. But, again, there's nothing to say that somebody didn't just compare that to the defendant's DNA. You can compare to the database of offenders. I'm familiar with it. But that does not mean that the DNA obtained in this case was ever put into any database. It was compared against the database of offenders, perhaps. You may be able to infer that from this record, at least if you go beyond the trial record to the pretrial stuff. But there is nothing about the profile obtained by Selmar ever being placed into a DNA database. And, no, I don't think that's inferable from this record. Do you have an alternative explanation? Yes. I just offered it. It can be in the individual case file and somebody can choose to run it. The police investigating officer every two years could run it against the database to see if anything new is there. But there was no testimony to that either. No, but you said could there be a potential alternative explanation. Another potential alternative explanation would be if, after Carlos Lopez was arrested for the burglary, he said something that caused the police to suspect him of this crime, okay, then somebody went after they had the DNA profile and ran it against the database. There's different ways they could come to suspect him afterwards and run it against the database. So the single link that you're looking for is that the original offender's DNA was placed into the database? Correct. Or the original offender might have been. That's the piece. On the DNA database element, that's the one I'm focusing on, yes, Your Honor. Anything else? Thank you very much. Counsel? May it please the court? Counsel? The state is arguing that this specific issue has been addressed by the 4th District in Gray in 2009. I'm going to have to ask you to get a little closer to the mic. You can tilt it down if that's more comfortable. The state is arguing that this specific issue has been addressed by the 4th District in Gray in 2009 and that that decision is well-reasoned and persuasive. The Strait and Morris cases relied on by my opponent have not been interpreted to mean that the state has to prove such circumstances to the jury in every case. These cases concerned motions to dismiss, not proved to the jury, therefore, whatever they said was overdictum, and also the cases on which Morris relies predate Section 114-1 of the Code of Criminal Procedure, which talks about pretrial motions to dismiss where the state, you know, on a challenge that the state has not met the statute of limitations. Under 114-1, a pretrial motion to dismiss shifts the burden to the state to prove to the court. Questions of law are then decided by the court, or if questions of fact arise, the court conducts a hearing. The state is arguing that Strait and Morris are not in conflict with Section 114-1. This is also consistent with the concept of the question of whether the statute of limitations is told being one of law. In this case, there were no questions of fact, open for resolution, as to the circumstances justifying an extension of the statute of limitations. I think that the state specifically requested that reference to the convicted offender data information system not be talked about at trial, and the court granted that motion. That was so that the defendant's criminal record not be evident before the jury. But all the pretrial motions laid out all the facts. I believe that even the fact that the defendant's DNA was entered into a known database is an inference from the record based on the pretrial motions. Could you be a little more specific and describe what the pretrial motion was, what was said, and how it would make the inference? In the motion to compel standards, that motion states that the state police searched the DNA profile to a known DNA index and found an association to the defendant as a possible donor on May 16, 2006. In the state's first motion in limine, that motion alleges that in 2002 and 2003, there was no identifiable suspect and that defendant's DNA profile was on a database known as the convicted offender data identification system. I think those pretrial motions, even though the proof was not presented to the jury, those pretrial motions laid everything out so that there was no question of fact presented. Also, the identity of the offender was known after a dedulgent investigation by law enforcement. Sergeant Anderson testified at trial that he pursued leads between December 26, 2002 and February 4, 2003. The case then went cold. There was also testimony that there was a rape kit done on the victim immediately and cell mark determined that sperm contained male DNA on April 23, 2003. I think that the facts definitely showed that there was a diligence on the part of the state. On the jury instructions, no appellate decision references the use of these instructions at trial. And no case referring to the state's burden to prove this element addresses the issue in the context of a jury trial. In Carmen, there was a jury trial, but the issue was presented in the terms of a motion for a directed verdict, so the court answered the question. And the appellate court also noted that the issue presented one of law. As the fourth district points out, a factual issue could arise in the form of witness testimony or documentary evidence. In that case, the appellate court noted that the defendant had not disputed the ages of the victim or the family relationship. That could have been an issue that could have been presented to the jury. However, it didn't even come up like this case. The state would ask that this court affirm the defendant's conviction. Are there any other questions? I guess on the issue of whether or not gray is the correct way to interpret the legal issue, it's just the dispute between your view and the appellant's view. And then we'll hear the response from the appellant regarding your analysis of the DNA question. But other than that, I don't have any questions. Thank you. The state's position is entirely based on gray. It is true that there is no case law on the IP instruction here, 24-25.23. There simply have not, as far as I can determine, and the state isn't claiming otherwise, no cases have come up under this since it was issued. That does not mean that Morris is wrong or that the IPI drafters have wrongly interpreted Morris. We would maintain they are absolutely correct. And I would again refer to the Karman and Statutte Duhar cases as I did in my initial argument. Statutte Duhar reverses a conviction strictly based on an analysis of whether the fact was proved at trial. And Karman analyzes whether the exception to the statute of limitations was proved at trial. Those are consistent with how we're saying Morris should be read, consistent with what the IPI said. I think it's absolutely wrong that there are no disputed questions of fact in this case. We've pointed out the two that are disputed. Was the DNA of the offender put in the database? Was there diligence in the police investigation? And there are, on the diligence, quickly, there are other aspects of the police investigation we don't know about here. Did they try to run the DNA back in 2003 against any database? Or did they make any effort to determine who this DNA belonged to back in 2003? We don't know that. Even closer to the time of the crime, what investigation did we know that the police pursued the leads that they got? Was your client's DNA in the database before 2003? We don't know one way or the other, Your Honor. It definitely is there after 2005, but whether it was or wasn't available somewhere before that. On the question of diligence, we don't know if the police even ran the DNA against a database back in 2003. Whether it would have come up with a hit or not, if we're looking at the diligence of the investigation, we don't know if they even ran the DNA. You're familiar with the backlog that the state police was going through all the way up until even to this day, a backlog? Well, Your Honor, it wouldn't have strictly been the police. Remember, this went out of state to Selmark originally. What year was your client's burglary conviction that you had mentioned that that's what caused his DNA to be entered into the database? 2005, Your Honor. Okay. 2005. And then looking at that DNA database factor, again, the state ignores the difference between the defendant's DNA going into a database and the profile of the offender, that DNA going into a database. The stipulate or the motion to eliminate was to keep out evidence of the defendant's DNA being in a database. But that's not the question under the statute of limitations. That's not the one that the legislature requires. What the state was required to prove was that the offender DNA, the unknown at that point profile, went into a database. Absolutely no testimony about that anywhere in this record, not on a pretrial motion. And the state, even what they discussed about the pretrial motion, she didn't say anything about the offenders being put into a DNA database. That one, whether you look at pretrial or trial, not shown on the record in this case, but particularly not proved in trial, and that's why we're asking for reversal. Any other questions? Joe? No questions. Thank you very much. Thank you, Your Honor. We'll be in recess. Decisions will follow in due time.